**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Case No. 14-mc-55 (DWF/JJK) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Rick L. Petry, | |
| Respondent. | |

This matter comes before the Court on the Petition to Enforce Internal Service Summons (Doc. No. 1), with the supporting Declaration of Anne Ohm (Doc. No. 2), and the Order to Show Cause (Doc. No. 3). The Respondent, Rick L. Petry, was properly served and has failed to file a response. A hearing was held on October 27, 2014, at which counsel for the United States appeared. Neither Petry nor counsel on his behalf appeared at the hearing. Based on the record in this matter, the undersigned makes the following Report and Recommendation.

The Internal Revenue Service is conducting an investigation for the purpose of collecting the assessed, unpaid federal tax liabilities of the Rick L. Petry & Associates, P.A., for the years 2008-2011 (Form 1120 liabilities); quarters ending 12/31/2009, 3/31/2013, 6/30/2013, and 9/30/2013 (Form 941 liabilities); and year 2012 (Form 940 liabilities). In furtherance of that investigation, on April 2, 2014, the IRS issued an IRS administrative summons to

Rick L. Petry directing him to appear before an IRS representative on April 15, 2014, and give testimony and produce for examination records and documents as described in the summons.  Petry failed to appear before the IRS on April 15, 2014.

The IRS gave Petry another chance to appear and produce the requested information.  On May 28, 2014, Petry appeared before the IRS but failed to fully comply with the summons.  He provided partial documentation of what the summons sought, but he failed to produce the accounts, notes, and judgment receivables of Rick L. Petry & Associates, P.A., as directed in the summons.  Petry's failure to fully comply with the summons continues to the present date.

To obtain judicial enforcement of an IRS summons, the United States must establish:  (1) that the summons was issued for a legitimate purpose, (2) that the summoned data may be relevant to that purpose, (3) that the summoned data are not already in the Government's possession, and (4) that the administrative steps required by the Internal Revenue Code for issuance and service have been followed.  *United States v. LaSalle National Bank*, 437 U.S. 298, 313-14 (1978); *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005); *United States v. Moon*, 616 F.2d 1043, 1046 (8th Cir. 1980).  The United States has met this burden through the declaration of its revenue officer.  The summons was issued in furtherance of an investigation of the federal tax liabilities of Rick L. Petry & Associates, P.A.  This is a legitimate purpose and is specifically authorized by 26 U.S.C. § 7602.  The materials the

IRS is seeking, namely accounts, notes, and judgment receivables of Rick L. Petry & Associates, P.A., may be relevant to the investigation.  The information sought is not already in the Government's possession and the IRS has followed all proper administrative procedures.  There has been no Justice Department referral, as defined in 26 U.S.C. § 7602(d), with respect to the Respondent or Rick L. Petry & Associates, P.A., for the periods under investigation.  The Government's allegations are unrefuted and there has been no showing that enforcement of the summons would constitute an abuse of the Court's process.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

(1)  The United States' Petition to Enforce Internal Revenue Service Summons (Doc. No. 1), be **GRANTED**;

(2)  The Respondent, Rick L. Petry, is directed to appear before an IRS representative **within 30 days** from the date of the Order adopting this Report and Recommendation, or any later date on which the IRS agrees, and fully comply with the summons by producing the accounts, notes, and judgment receivables of Rick L. Petry & Associates, P.A., as directed in the summons; and

(3)   Respondent be advised that whenever any person summoned under the provisions of law regulating the issuance of Internal Revenue Service summons neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary of the Treasury through the Internal Revenue Service may apply to the judge of the district court for the district within which the person so summoned resides or is

found for an attachment against him as for a contempt. If after a hearing the Court finds that satisfactory proof is made, the Court may issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case. Upon such hearing the judge shall have power to make such order as he or she shall deem proper, not inconsistent with the law for the punishment of contempt, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

Date:  October 29, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. Loc. R. 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 12, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. A judge shall make a de novo review of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District court, and it is therefore not appealable to the Court of Appeals.